**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**STEPHANIE BOONE,**

         **Plaintiff,**

**-vs-**                                         **Case No. 6:08-cv-562-Orl-28KRS**

**TOTAL RENAL LABORATORIES, INC.,**

         **Defendant.**

_____

## ORDER

This cause is before the Court on the Defendant's Motion for Reconsideration (Doc. 10) and Plaintiff's Response (Doc. 15) thereto.

### I. Background

Plaintiff initiated this case in state court (Compl., Doc. 2), seemingly alleging that Defendant terminated her employment in violation of both the Florida Civil Rights Act ("FCRA") and Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e(k). Defendant removed the case to this Court, invoking both diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331. (Notice of Removal, Doc. 1).

Defendant then filed a motion to dismiss (Doc. 3), asserting that Plaintiff's federal claim under the PDA was time-barred because it was not filed within ninety days of the EEOC's notice of Plaintiff's right to sue. Defendant also asserted that Plaintiff's claim under the FCRA should be dismissed because the FCRA does not provide a cause of action for

pregnancy discrimination. In her Response (Doc. 6) to the motion to dismiss, Plaintiff clarified that she brings her claim only under the FCRA and is not seeking to pursue a claim under the PDA. Plaintiff maintained, however, that the FCRA does provide a cause of action for pregnancy discrimination. (See id. at 2-3).

In ruling on Defendant's motion to dismiss, this Court acknowledged a division among courts on the issue of whether the FCRA provides a cause of action for pregnancy discrimination. (Order, Doc. 9). Noting Plaintiff's clarification that she is not bringing a federal claim under the PDA, this Court declined to take a position on whether the FCRA provides a cause of action and, while dismissing the PDA claim with prejudice, dismissed the FCRA claim without prejudice to Plaintiff pursuing it in state court. (Id. at 2). Defendant now seeks reconsideration of the dismissal of the FCRA claim without prejudice, arguing that this Court did not acknowledge its diversity jurisdiction to decide the FCRA claim and should have dismissed that claim with prejudice.

## II.  Discussion

Defendant's motion for reconsideration is well-taken. The Court did not consider the second basis for jurisdiction set forth in Defendant's notice of removal – diversity. The Court finds that Defendant met its burden on removal of establishing that the requisite amount in controversy for diversity jurisdiction is satisfied here. Thus, the Court has jurisdiction over Plaintiff's FCRA claim even absent a federal question claim under the PDA. The Court will now turn to Defendant's original argument for dismissal of Plaintiff's FCRA claim – that the FCRA does not cover pregnancy discrimination.

As noted in the original order on Defendant's motion to dismiss (Doc. 9), federal courts are divided on the issue of whether the FCRA bars discrimination based on pregnancy. See generally Frazier v. T-Mobile USA, Inc., 495 F. Supp. 2d 1185, 1187 (M.D. Fla. 2003) (noting the split and collecting cases). On its face, the FCRA does not cover pregnancy, and surprisingly, there is not a definitive statement from a Florida state court regarding whether the act's prohibition on discrimination based on "sex" includes pregnancy.

Much discussion in the case law centers on the decision of Florida's First District Court of Appeal in O'Loughlin v. Pinchback, 579 So. 2d 788 (Fla. 1st DCA 1991). In that case, the court traced the history of pregnancy-discrimination law, noting that after the United States Supreme Court held in 1976 that pregnancy discrimination was not sex discrimination under Title VII,[1] Congress amended Title VII in 1978 by adding the PDA to specifically state that pregnancy discrimination does qualify as sex discrimination. Id. at 791. The O'Loughlin court then noted that the Florida legislature had not similarly amended the Florida Human Rights Act – the predecessor to the FCRA – to specifically include pregnancy discrimination. Id. The court then employed a federal preemption analysis and concluded that Title VII preempted the FHRA in the pregnancy-discrimination realm "to the extent that Florida's law offers less protection to its citizens than does the corresponding federal law." Id. at 792. The court thus afforded recovery on a pregnancy discrimination claim that had apparently been brought solely under the FHRA and not Title VII.

Courts have differed in their characterization of the O'Loughlin court's holding.

---

[1] See Gen. Elec. Co. v. Gilbert, 429 U.S. 125 (1976).

Compare, e.g., Carsillo v. City of Lake Worth, No. 04-81198-CIV, 2005 WL 2456015, at *1 (S.D. Fla. Feb. 9, 2005) (declaring that O'Loughlin "construed the Florida Civil Rights Act to provide the same protection to pregnant women as would its Federal counterpart"), and Jolley v. Phillips Educ. Group of Cent. Fla., Inc., No. 95-147-CIV-ORL-22, 1996 WL 529202, at *6 (M.D. Fla. July 3, 1996) (describing O'Loughlin as "entertain[ing] a pregnancy-based discrimination suit brought under the Florida Human Rights Act of 1977" and "recogniz[ing] Jolley's state law claim for pregnancy-based employment discrimination), with Westrich v. Diocese of St. Petersburg, Inc., No. 8:06-CV-210-T-30TGW, 2006 WL 1281089, at *2 (M.D. Fla. May 9, 2006) (citing O'Loughlin for the proposition that "Florida law does not recognize a cause of action based on the premise that discrimination against pregnant employees is sex-based discrimination"), and Frazier, 495 F. Supp. 2d at 1186 (stating that in O'Loughlin, "the First District Court of Appeal held that the Florida Human Rights Act did not state a cause of action for discrimination based on pregnancy").

In this Court's view, O'Loughlin did not find that the FHRA prohibited pregnancy discrimination; it held that the FHRA did not cover pregnancy discrimination and therefore was preempted by Title VII. In other words, the court allowed the claim to proceed as a Title VII claim rather than an FHRA claim. This Court agrees with those courts that have found that because the Florida legislature did not add language similar to the PDA to the FCRA when it was enacted in 1992 – after O'Loughlin – the legislature did not intend to include a proscription on pregnancy discrimination in the FCRA. See, e.g., Frazier, 495 F. Supp. 2d at 1187 ("The legislature passed the FCRA after the O'Loughlin decision, and as the Florida Supreme Court has stated, 'when the legislature reenacts a statute which has a judicial

construction placed upon it, it is presumed that the legislature is aware of the construction and intends to adopt it, absent a clear expression to the contrary.'" (quoting Gulfstream Park Racing Ass'n, Inc. v. Dep't of Bus. Regulation, 441 So. 2d 627, 628 (Fla. 1983))).

Moreover, to the extent that O'Loughlin recognized a pregnancy-discrimination cause of action based on the "preemptive" effect of Title VII, the First District Court of Appeal's holding on preemption is not binding on federal courts. "Preemption is an issue of federal law and this Court is not bound by state court decisions" on such issues. Gravatt v. City of N.Y., No. 97 CIV. 0354(RWS), 1998 WL 171491, at *13 (S.D.N.Y. Apr. 10, 1998) (citing Int'l Longshoremen's Ass'n v. Davis, 476 U.S. 380, 388 (1986) ("Pre-emption, the practical manifestation of the Supremacy Clause, is always a federal question.")). In other words, the O'Loughlin court's conclusion that the FHRA did not provide pregnancy-discrimination protection binds this court under the Erie doctrine[2] because that is a matter of state law, but its additional holding that Title VII preempts the FHRA does not. And, on the latter point, this Court disagrees that the FHRA or the FCRA "conflict with" or undermine Title VII such that they are preempted. Title VII, as amended by the PDA, provides a cause of action for pregnancy discrimination and thus is broader in its protections than the FCRA, but Title VII is not undercut or diminished by the existence of the FCRA's lesser protections. Florida citizens may still bring suit under Title VII unfettered by the FCRA's provisions, but the FCRA does not provide a pregnancy-discrimination cause of action of its own.

---

[2]See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).

III.  Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1.  Defendant's Motion for Reconsideration (Doc. 10) is **GRANTED**.

2.  The Court's prior Order (Doc. 9) on Defendant's Motion to Dismiss is **VACATED**, and this Order is entered in its stead.

3.  Defendant's Motion to Dismiss (Doc. 3) is **GRANTED**.  Plaintiff has clarified that she is not bringing a claim under the Pregnancy Discrimination Act and that her only claim is one for pregnancy discrimination under the Florida Civil Rights Act.  That claim is dismissed for failure to state a cause of action for the reasons stated herein.

4.  This case is dismissed.  The Clerk shall close this file.

**DONE** and **ORDERED** in Orlando, Florida this 18th day of June, 2008.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party